NO. 07-01-0282-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 21, 2003

_____

NATURAL GAS CLEARINGHOUSE,

Appellant

v.

MIDGARD ENERGY COMPANY, FORMERLY KNOWN AS
MAXUS EXPLORATION COMPANY,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 79,496-B; HON. JOHN B. BOARD, PRESIDING

_____

*On Motions for Rehearing and Motion for Voluntary Remittitur*

_____

Before JOHNSON, C.J., QUINN, J., and BOYD, S.J.[1]

Pending before the court are the respective motions for rehearing of Natural Gas

Clearinghouse (NGC) and Midgard Energy Co., f/k/a Maxus Exploration Co. (Maxus).

Maxus has also filed a voluntary remittitur agreeing to remit $137,000 in attorney's fees

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

if NGC has not waived its objection to the trial court's award of that sum. We overrule the motions for rehearing.

As to the remittitur, Maxus stated as follows:

> For these reasons and without waiver of any error, [Maxus] voluntarily remits $86,000 in attorney['s] fees involved in the prior appeal as supported by the record and preserved by NGC. In the alternative, if the Court finds that NGC preserved error for the amount of attorney['s] fees incurred in the prior appeal to this Court and the petition for review to the Texas Supreme Court, then [Maxus] voluntarily remits $137,000.

We find that NGC preserved error for the amount of attorney's fees incurred in the prior appeal to this court and the Texas Supreme Court. Accordingly, and given Maxus' acquiescence to remittitur of $137,000, we vacate that portion of our prior opinion wherein we "sever[ed] from the judgment, reverse[d], and remand[ed] to the trial court for further proceedings that portion of the trial court's judgment which award[ed] Maxus attorney's fees of $462,597 'through trial,'" modify the trial court's judgment to reduce the attorney's fees awarded to Maxus by $137,000 to $325,597, and affirm the trial court's judgment as modified.

Brian Quinn
Justice

2